*87 OPINION.
Phillips :
The Commissioner moves to dismiss the proceeding as to 1917 and 1919 upon the ground that as to those years the Board is without jurisdiction. The motion is denied as to 1917, Appeal of J. S. Hoskins Lumber Co., 3 B. T. A. 846; Revenue Act of 1926, sec. 283 (f); and is granted as to 1919, Revenue Act of 1926, sec. 274(g); Appeal of R. P. Hazzard Co., 4 B. T. A. 150; Appeal of Cornelius Cotton Mills, 4 B. T. A. 255.
The facts, most of which were stipulated, are set out in full above, and will not be repeated here. Co'unsel for petitioner cites a number of decisions of the courts and rulings of the Attorney General to the effect that public officers can not open and reexamine cases decided by their predecessors except for fraud, mistake in matters of fact arising from errors in calculation, or newly discovered material evidence, and contends that the decision made by Commissioner Roper, with full knowledge of all the material facts, that tantiemes earned in 1916 were 1916 income to the taxpayer, is binding upon his successor. As further authority for his position, counsel cites section 1007 of the Revenue Act of 1924, which reads:
In the absence of fraud or mistake in mathematical calculation, the findings of facts in and the decision of the Commissioner upon (or in case the Secretary is authorized to approve the same, then after such approval) the merits of any claim presented under or authorized by the internal-revenue laws shall not, except as provided in section 900, be subject to review by any other administrative or accounting officer, employee, or agent of the United States.
It is further contended that the authorized agents of the Government having, with knowledge of all material facts, ruled that such amount was income for 1916, and having collected and retained a tax thereon, the Government is, so long as it retains the tax so collected and refuses to refund or otherwise return the same to the taxpayer, estopped to collect a further tax by now claiming that such amount was not income in 1916, but was income in 1917.
Both contentions present interesting questions, the 'decision of which would deserve serious consideration, but, as we view the instant appeal, it becomes unnecessary to discuss these contentions, other than to state them.
*88 It would seem that in circumstances such as we have here the decision of a Commissioner should, even if it has no greater influence, be considered as pilma facie correct by his successor in office. In the courts and before this Board, the findings and decision of the Commissioner are presumed to be correct until the contrary is shown, and the decision of one Commissioner should be entitled to at least the same weight with his successor in office. An examination of the record leads us to believe that the first ruling was correct and convinces us that it should not be disturbed.
Passing without discussion the contention that because the tan-tieme recipients were in control of the Company there was constructive receipt by them of these tantiemes, we find that this taxpayer kept an account book in which he recorded his various transactions. Included in this are accounts and notes receivable and payable, upon which interest is annually accrued, whether or not paid or payable. Taxes were entered in the year in which payable. Sums credited to his account by his employer were entered as of the date credited, whether paid or not. While there are departures from a strict accrual system of accounting, it is manifest that the primary purpose of the taxpayer’s accounts is to reflect income and expense upon an accrual basis, and the returns of the taxpayer were uniformly made upon that basis. In such circumstances it is immaterial that some items may not have been treated upon a strictly accrual basis. Appeal of Bartles-Scott Oil Co., 2 B. T. A. 16; Appeal of John F. Cook, 4 B. T. A. 916. In such cases the net income will be adjusted to correctly reflect it upon the accrual basis.
It seems evident that these tantiemes were accruable for the year in which earned. The amount which each person was to receive was a mere matter of computation, being a percentage of the profits for the year. When such amounts are definitely ascertainable as of the close of the year, the fact that the computation and entry on the books is made after the close of the year is immaterial. In such a case the amounts are properly to be accrued as an expense by the corporation for the year in which the services were rendered. The Commissioner has so treated the amounts so far as the corporation is concerned. Upon the same facts, the amounts are to be accrued as income for the same year by a taxpayer upon an accrual basis. The deficiencies, so far as they arise from the errors alleged in the petition, are disallowed.

Orders of redetermination of the tax liability for 1917 and 19W will be entered on 10 days' notice, under Bule SO.